UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80054-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

DONTAVIOUS BLAKE,

    Defendant.
_____/

**DEFENDANT BLAKE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS PENDING MOTION IN LIMINE REGARDING GOVERNMENT'S DECLARED INTENTION TO RELY UPON EXPERT TESTIMONY**

Defendant Dontavious Blake was arraigned on the Third Superseding Indictment on June 2, 2014. On June 25, 2014, the Government informed counsel for Mr. Blake that it intended to call Dr. Barbara Krantz as an expert witness, but the Government failed at that time to provide a summary of her opinions and the bases and reasons therefor as mandated by Local Rule 88.10(n). He is scheduled to commence trial on October 27, 2014. On September 12, 2014, he filed a motion *in limine* which, with lengthy explanation that will not be repeated herein, asserted in conclusion that:

> The Court should preclude the Government from calling its proposed expert witness(es) for two reasons. First of all, the Government has failed to comply with the disclosure requirements of Local Rule 88.10(n) because, separate and apart from the fact that its purported disclosure was made more than 14 days after arraignment, it failed to describe the witness' opinions and the bases and reasons therefor. It has been three months since arraignment and yet, as of this date, the

> Government has still not provided meaningful disclosure. Secondly, the Government has not established that the expert testimony would assist the trier of fact in understanding the evidence or in determining a fact in issue, as opposed to improperly bolstering the credibility of the Government's fact witnesses by mirroring their version of events, nor has it established that the probative value would not be outweighed by the potential to confuse or mislead the jury about critical issues.

The Government filed a response on September 18, 2014. That response did not address the fact that its June 25 "notice" (which, according to the Government, was "one day late" when it had been due no later than June 17) completely failed to describe the witness' opinions and the bases and reasons therefor as required by Federal Rule of Criminal Procedure 16 and Local Rule 88.10(n). Instead, the Government simply and tersely asserted in its response that Dr. Krantz's full and complete report was forthcoming and assuredly would provide Mr. Blake "sufficient time to prepare any defense, cross examination or rebuttal" prior to commencement of trial on October 27, 2014.

The Court will note that in its letter of June 25, 2014, to the undersigned counsel, counsel for the Government promised that, "**[a] thorough report issued by Dr. Krantz is shortcoming**." On October 7, 2014, the undersigned counsel finally received Dr. Krantz's promised but long overdue supposedly "thorough" report (dated September 25, 2014). It is attached hereto in appendix form. As the Court can see, although at first blush it is a lengthy report of 13 pages, upon closer review it is almost all filler with such things as pictures of pills and rote recitation of contents of treatises (indeed, page 13 is completely blank). Her "expert opinion" (which the Government insists took her at least three months to compose)

appears in its totality as follows on page 12:

> a. My expert opinion, based on medical records and interviews, is that K.C. [the alleged victim in Count Five] and K.T. [the alleged victim in Count Four] were in a position medically to be easily manipulated to engage in prostitution in order to avoid severe physiological and psychological withdrawal syndrome. Both their acute intoxication, withdrawal symptoms, emotional and motivational disturbances were serious enough to allow a reasonable person of the same background and in the same circumstances, to engage in sex trafficking in order to avoid the threat of withdrawal sickness. They were also dealing with the fear of homelessness and imprisonment.
> b. **You are hereby advised that the above is only a summary and not an exhaustive explanation** of the disease of addiction and the review of records and interviews of K.C. and K.T.'s biopsychological evaluation.

(emphasis added). A three-sentence summary is far from a thorough report.

Local Rule 88.10(n) is intended to undergird Federal Rule of Criminal Procedure 16 in order to insure the Defendant an adequate opportunity to prepare the case regarding anticipated expert testimony and to prevent surprise at trial. Indeed, as explained in the Advisory Committee Notes to Rule 16, regarding 1993 Amendment to the rule, it was amended to enhance that clear purpose:

> [The amendments] expand federal criminal discovery by requiring disclosure of the intent to rely on expert opinion testimony, what the testimony will consist of, and the bases of the testimony. The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination. See Eads, *Adjudication By Ambush: Federal Prosecutors' Use of Nonscientific Experts in a System of Limited Criminal Discovery*, 67 N.C.L.Rev. 577, 622 (1989).

As observed by the Court of Appeals, the discovery rules regarding disclosure of experts and their opinions are "not merely aspirational" – failure to comply warrants exclusion of the expert. *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008). For that reason alone, as argued in the motion *in limine*, the proposed expert's testimony should be excluded.

Additionally, the evidence should be excluded because the Government has failed completely in its obligation, as the proponent, to establish that the proposed expert testimony would assist the trier of fact in understanding disputed evidence or in determining a fact in issue, as opposed to improperly bolstering the credibility of the Government's fact witnesses by mirroring their version of events, and it has not established that the probative value would not be outweighed by the potential to confuse or mislead the jury about critical issues. As explained in the motion *in limine*, there is no dispute about the fact that the women were addicted to drugs that they will describe, there is no dispute about the fact that the women had experienced withdrawal in ways they will describe, and there is no dispute about the fact that they dreaded the prospect of repeating the experience of withdrawal. "[E]xpert testimony cannot be used solely to bolster the credibility of the government's fact witnesses by mirroring their version of events." *United States v. Cruz*, 981 F.2d 659, 664 (2d Cir. 1992). "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004). Moreover, the opinion as tersely summarized by Dr. Krantz would improperly turn an objective inquiry into a subjective one,

4

which is improper as explained in the motion *in limine*. See United States v. Willis, 38 F.3d 170, 175-76 (5th Cir. 1994).

## Conclusion

The Court should preclude the Government from calling its proposed expert witness for the reasons stated in the motion *in limine*. First of all, the Government has failed to comply with the disclosure requirements of Federal Rule of Criminal Procedure 16 and Local Rule 88.10(n). Secondly, the Government has not established that the expert testimony would assist the trier of fact in understanding the evidence or in determining a fact in issue, as opposed to improperly bolstering the credibility of the Government's fact witnesses by mirroring their version of events, nor has it established that the probative value would not be outweighed by the potential to confuse or mislead the jury about critical issues.

Respectfully submitted,
MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

 s/Neison M. Marks
Neison M. Marks
Assistant Federal Public Defender
Court Assigned No. A5500635
450 South Australian Avenue
Suite 500
West Palm Beach, Florida 33401
Phone:   561-833-6288
Fax:       561-833-0368
Neison_Marks@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Neison M. Marks*
Neison M. Marks
