# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 13-80054-CR-MARRA

**UNITED STATES OF AMERICA,**

**vs.**

**DONTAVIOUS M. BLAKE ,**
**a/k/a "D", and**
**TARA JO MOORE,**

**Defendants.**
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United

States Attorney, hereby files this Sentencing Memorandum,[1] and states as follows:

> "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses."[2]

## I.     BACKGROUND

The defendants were indicted on March 7, 2013, and charged with two counts of

---

[1]  The Presentence Investigation Report (PSR) was disclosed to Tara Jo Moore on December 16, 2014 and to Dontavious Blake on December 19, 2014.   Moore's objections were due on December 30, 2014 and Blake's on August 2, 2015.   No objections have been filed.   Therefore any objections filed at this point are untimely, *see* Fed. R. Crim. P. 32(f)(1) (requiring objections to PSR to be filed within fourteen days after receipt of the PSR), and the Court may overrule the objections on that basis.   *See United States v. Edouard*, 485 F.3d 1324, 1351 (11th Cir. 2007); *see also United States v. Smith*, – F. App'x –, 2013 WL 2986902 at *1 (11th Cir. 2013).

[2] *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir.2009).

sex trafficking of minors, in violation of 18 U.S.C. § 1591(a)(1) [DE 32].   The first count pertained to T.H., a child who was fifteen years old when the defendants employed her in their prostitution enterprise in 2011; the second count was a conspiracy to engage in the sex trafficking of T.H.   On April 18, 2013, the United States superseded the indictment and charged the defendants with an additional count of sex trafficking of minors, in violation of 18 U.S.C. § 1591(a)(1) [DE 72].   The additional count pertained to E.P., a child who was sixteen years old when the defendants employed her in their prostitution enterprise in 2010.   The superseding indictment added E.P. to the conspiracy count.   On February 27, 2014, the United States filed a Second Superseding Indictment which expanded the time frame charged in the Superseding indictment [DE 125].   On May 22, 2014, the United States filed a Third Superseding Indictment charging the defendants with three additional counts of sex trafficking by means of force, threats of force, fraud, coercion, or any combination of such means, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1).   The fourth count pertained to K.T. and the fifth count pertained to K.C.; the Third Superseding Indictment also charged conspiracy to engage in the sex trafficking of K.T. and K.C. by force, fraud , coercion or any combination of such means [DE147].   The defendants proceeded to trial from October 27 to November 6, 2014, during which T.H., E.P., K.T. and K.C. and other women testified that they worked for the defendants as prostitutes.   On November 5,

2

2014, the Court granted a Rule 29 motion as to Counts Four through Six.   At the conclusion of the trial, the jury convicted the defendant of the Count One through Three. Sentencing is currently set for January 23, 2015.

## II.   DISCUSSION

The Probation Office has prepared and disclosed to the parties a Presentence Investigation Report (PSR) in advance of sentencing.   For the reasons given below, the United States contends that the calculations set forth in the PSR are correct and that the Defendants should receive a guideline sentence of Life.

### A.   *The Defendants Guideline Offense Level Computation*

### 1.   Base Offense Level § 2G1.3

The Defendants' base offense level, pursuant to § 2G1.3, is 30 because the offense involved sex trafficking of a minor in violation of 18 U.S.C. § 1591(b)(2).

### 2.   The Minors Were in the Defendants' Care, Custody & Control § 2G1.3(b)(1)(B)

The two-level enhancement pursuant to § 2G1.3(b)(1)(B) applies because the minors were under the care, custody and supervisory control of the defendants during the offense of conviction.   In *United States v. Jennings*, 280 Fed.Appx. 836, 2008 WL 2247142 (11th Cir. 2008), the Eleventh Circuit affirmed the district court's application of this guideline enhancement under very similar facts to this case.   The Eleventh Circuit found that a two-level increase is applicable "[i]f (A) the defendant was a parent,

3

relative, or legal guardian of the minor; or (B) the minor was otherwise in the custody, care, or supervisory control of the defendant." U.S.S.G. § 2G1.3(b)(1). The application note to the subsection states that (b)(1):

> is intended to have broad application and includes offenses involving a victim less than 18 years of age entrusted to the defendant, whether temporarily or permanently. For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement. In determining whether to apply this enhancement, the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship.

*Id.*, comment. (n.2(A)).

The court held that the guideline and commentary language do not exclude a minor's entrustment of herself to a defendant. *See* U.S.S.G. § 2G1. 3( b)( 1)( B), comment. (n.2(A)). The commentary states the provision is to have broad application, and it precedes "temporary caretakers" with the qualifier "other"—not "other similar"—cutting against defendant's argument that "other temporary caretakers" was limited by the terms preceding it. *See id*. The court found that the evidence was sufficient to demonstrate the defendant directly oversaw the minor and slept in the motel room with her, and, as aiders and abettors of the prostitution venture, were partially responsible for the minor's custody and supervisory control. The Eleventh Circuit held that the district court did not err in applying the two-level increase pursuant to § 2G1.3(b)(1)(B).

4

3.    **The Defendants Unduly Influenced the Minors to Engage in Prohibited Sexual Conduct § 2G1.3(b)(2)(B)**

The two-level enhancement pursuant to § 2G1.3(b)(2)(B) applies because the Defendants unduly influenced the minors to engage in prohibited sexual conduct.   In *United States v. Jones*, 546 F.App'x. 946 (11th 2013), the Eleventh Circuit found the two-level enhancement applicable if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct...." U.S.S.G. § 2G1.3(b)(2)(B). "In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." *Id*. § 2G1.3, cmt. n. 3(B).

"To decide whether the defendant's conduct constituted undue influence, the district judge "may look to a variety of factors, including whether [the defendant] displays an abuse of superior knowledge, influence and resources." *United States v. Root*, 296 F.3d 1222, 1234 (11th Cir.2002), superseded on other grounds by Amend. 732, U.S.S.G.App. C (2009), as recognized in *United States v. Jerchower*, 631 F.3d 1181, 1186–87 (11th Cir.2011) (recognizing the Guidelines amendment providing that the undue influence enhancement does not apply in a case in which the only "minor" involved in the offense is an undercover officer).   *See United States v. Goldberg*, ---F.App'x. ---, 2014 WL 6480297 (11th Cir. 2014)(enhancement applied to defendant who used superior influence and resources).

5

The *Jones* Court found that the district judge "did not err in applying the undue influence enhancement. The record supports the judge's finding that [the defendant's] activities compromised the voluntariness of the minors' behaviors, in spite of their previous acts of prostitution. *See* U.S.S.G. § 2G1.3(b)(2)(B), cmt. n. 3(B)."   The *Jones* Court found that the defendant "exercised undue influence over the girls by purchasing hair products, jewelry, and makeup for them, and he convinced the fifteen-year-old girl he loved her. He also took their money, controlled how much they could charge for their services, and controlled the cellular phone they used to schedule prostitution dates."

### 4.   The Defendants Used a Computer or Interactive Device to Entice, Encourage, Offer or Solicit a Person to Engage in Prohibited Sexual Conduct § 2G1.3(b)(3)(B)

The two-level enhancement pursuant to § 2G1.3(b)(3)(B) applies because the defendants used a computer or interactive device to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct. Section 2G1.3(b)(3) of the Guidelines authorizes a two-level increase to a defendants' base offense level:

> If the offense involved the use of a computer[3] or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor[.]

*Id*., 2G1.3(b)(3)

---

[3] Under the Guidelines, a "computer" includes a cellular phone able to perform the functions of a computer. *See United States v. Kramer*, 631 F.3d 900, 902-03 (8th Cir. 2011) (defining a cell phone as a computer for purposes of the Guidelines, pursuant to 18 U.S.C. § 1030(e)(1)); U.S.S.G. § 2G1.3, cmt. n.1 (defining "computer" as having the meaning given to the term in 18 U.S.C. § 1030(e)(1)).

Under this plain language, section 2G1.3(b)(3) has two prongs, each providing independent ways in which the use of a computer in the offense qualifies the defendant for a two-level increase. The Sixth Circuit has described the two prongs of section 2G1.3(b)(3) as the "minor-inducement" prong (subsection (A)) and the "third-party inducement" prong (subsection (B)). *See United States v. Murphy*, 530 F. App'x 522, 524 (6th Cir. 2013). The "minor-inducement" prong at Subsection (A) targets "the inducement of the minor to engage in sexual acts." *Id*. While the "third-party inducement" prong at Subsection (B) "requires the inducement of a third party to have sex with a minor[.]" *Id*. The third-party inducement prong of Subsection (B), which is at issue in this case, involves three people: "the defendant, the minor, and the third person who is being enticed." *United States v. Lay*, 583 F.3d 436, 448 (6th Cir. 2009).

The defendants in this case used online ads of the minors on Backpage, an Internet website, to obtain commercial sex clients for the minors.  The ads were created using cellular telephones used to upload images of the girls and to post the ads on the Internet to advertise the girls for commercial sex. The enhancement applies based upon the plain wording of section 2G1.3(b)(3)(B).

But despite the plain wording of the Guideline, the application note for section 2G1.3(b)(3) provides that it:

is intended to apply only to the use of a computer or an interactive computer

7

service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor. Accordingly, the enhancement in subsection (b)(3) would not apply to the use of a computer or interactive computer service to obtain airline tickets for the minor from an airline's Internet site.

*Id.*, U.S.S.G. § 2G1.3(b)(3), cmt. n.4.

In other cases, Defendants have relied on this application note to avoid the application of the enhancement because they did not use a computer to communicate directly with the minors or with a person who exercised custody, care, or supervisory control of the girls. This argument fails because the defendants conduct falls squarely within the plain language of the Guideline itself, and the application note cannot contradict that plain language.

> **i.** **The Defendants' offense conduct falls squarely within the plain language of Section 2G1.3(b)(3)(B).**

The defendants cannot dispute that their conduct satisfies the plain language of Section 2G1.3(b)(3)(B). The undisputed facts established at trial show that the defendants used a computer or other interactive device to entice, encourage, offer, or solicit a person (the john) to engage in prohibited sexual conduct with the minor. The defendants used the phones to send these photographs to each other and for creating Internet ads to solicit commercial sex clients for the minors. As part of the conspiracy the defendants solicited customers and arranged commercial sex acts for T.H. and E.P. using those Internet ads. Because the defendants offense involved using computers to entice

8

others to have sex with minors, their conduct satisfies the plain language of section 2G1.3(b)(3)(B). The inquiry ends here. *See United States v. Mandhai*, 375 F.3d 1243, 1247-48 (11th Cir. 2004) (holding that "a guideline's meaning is derived first from its plain language and, absent ambiguity, no additional inquiry is necessary.").

**ii.    Application Note 4 conflicts with the plain language of the Guideline text and is only intended to apply to section 2G1.3(b)(3)(A).**

Because the defendants conduct falls squarely within the plain wording of section 2G1.3(b)(3)(B), Application Note 4 does not apply and cannot prohibit the application of the enhancement in this case. The Supreme Court has repeatedly held that application notes cannot contradict the plain language of a Guideline provision. *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993).[4]  As discussed below in *United States v. Madkins*, 390 F. App'x 849, 852 (11th Cir. 2010), the Eleventh Circuit acknowledged the persuasive arguments of its sister circuits that the application note is inconsistent with the plain wording of section 2G1.3(b)(3)(B). Moreover, an examination of the Guideline's draft history reveals that the application note was originally intended to apply only to section 2G1.3(b)(3)(A).   Because the application note contradicts the plain language of

---

[4] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson*, 508 U.S. at 38, 113 S. Ct. at 1915. This Court recently applied the Supreme Court's holding in *United States v. Hall*, 714 F.3d 1270, 1272 (11th Cir. 2013) (observing that the Supreme Court has made clear that "commentary in the [Sentencing] Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.") (quoting *Stinson*, 508 U.S. at 38, 113 S. Ct. at 1915) (internal quotation marks omitted)).

section 2G1.3(b)(3)(B), the plain wording of the Guideline controls.

### iii.    The Eleventh Circuit Has Noted the Conflict With The Application Note

The Eleventh Circuit has acknowledged the "persuasive case" that the commentary [of Application Note 4] is at odds with the plain language of [section 2G1.3(b)(3)(B)] [.]" *Madkins*, 390 F. App'x at 852. While the *Madkins* Court declined to reach the issue on plain-error review because it concluded that the defendant had not made the required showing of an effect on his substantial rights, the Eleventh Circuit Court's observations in *Madkins* indicate an appreciation of the argument that the application note should give way to the plain wording of section 2G1.3(b)(3)(B).

The circuits that have actually analyzed the issue have found that the application note contradicts the plain wording of section 2G1.3(b)(3)(B), or have opined that it does so. *See United States v. Pringler*, 765 F.3d 445, 453-54 (5th Cir. 2014); *United States v. Winbush*, 524 F. App'x 914, 915-16 (4th Cir. 2013); *United States v. Jackson*, 697 F.3d 1141, 1145-46 (9th Cir. 2012).

Recently, the Fifth Circuit, in *Pringler* rejected the argument that section 2G1.3(b)(3)(B)'s two-level increase does not apply under Application Note 4 unless a computer was used to communicate directly with the minor or with a person exercising control over the minor. *Id.* at 453-54. The *Pringler* Court cited to the Eleventh Circuit Court's reasoning in *United States v. Vance*, 494 F. 3d 985, 997 ( 11th Cir. 2007) -- where the

10

Eleventh Circuit Court rejected an argument that section 2G1.3(b)(3)(B) is only triggered where a defendant is the person who used a computer to solicit a minor -- the *Pringler* Court concluded that the Guideline's application note is inconsistent with its plain meaning. *Id*.

Significantly, the *Pringler* Court concluded that Application Note 4 does not apply to subsection B, only subsection A. *Id*. at 454-55. The *Pringler* Court explained that, before November 1, 2004, a single Guideline section -- U.S.S.G. § 2G1.1 -- covered all illegal sex acts, regardless of the victim's age. *Id*.; *see also* 2003 edition of the U.S.S.G. Guidelines Manual. That pre-November 1, 2004, Guideline contained both a provision and application note with nearly identical language to section 2G1.3(b)(3):

U.S.S.G. § 2G1.1 (b)(5)(A) & (B)

> . . . [i]f a computer or an Internet-access device was used to (A) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prostitution; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor, increase by 2."

U.S.S.G. § 2G1.1(b)(5) Application Note 8

> Subsection (b)(5)(A) is intended to apply only to the use of a computer or an Internet-access device to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor. Accordingly, the enhancement in subsection (b)(5)(A) would not apply to the use of a computer or Internet-access device to obtain airline tickets for the minor from an airline's Internet site.

Thus, critically, the application note for section 2G1.1, pre-November 1, 2004,

11

specifically clarified that it applied only to subsection (b)(5)(A), and not to (b)(5)(B). Unfortunately, the Sentencing Commission failed to include this same proviso when it revised section 2G1.1 effective November 1, 2004, to cover only those offenses involving adults, and created a new Guideline, section 2G1.3, to cover minors. As the *Pringler* Court noted, while the new application note for section 2G1.3 mirrored the language of the old section 2G1.1 application note, the Commission failed to explicitly provide that the application note should only be applied to subpart (A) -- as was the case with the old section 2G1.1(b)(5) provision. *Id.* at 455.   Based on this history, the Fifth Circuit concluded that Application Note 4 applies only to conduct covered under section 2G1.3(b)(3)(A).

Similarly, in *United States v. Winbush*, the Fourth Circuit rejected the same argument that the application note applied to subsection A and B.   524 F. App'x at 915-16. In *Winbush*, one of the adult women working as a prostitute for the defendant had advertised the minor on the Internet. *Id.* at 915. The Fourth Circuit affirmed the sentence enhancement and held that Application Note 4 contradicts the plain language of section 2G1.3(b)(3)(B). In rejecting the defendant's claim, the Fourth Circuit concluded that:

> we agree with the district court that the facts of this case fall squarely within the plain language of the Guideline. Under § 2G1.3(b)(3)(B), the focus is on the use of the computer by the defendant or his agent to entice persons to engage in prohibited sexual conduct with the minor. Application Note 4, however, appears

> to address only the situation in § 2G1.3(b)(3)(A) [the minor-inducement prong], where the defendant uses a computer to contact the minor or her custodian in order to entice the minor into prohibited sexual conduct. Several decisions that address the quite different "pimp scenario" [the third-party inducement prong] in subsection (b)(3)(B) have found the enhancement applicable. We agree with the reasoning of these decisions[.]

*Id*. at 916-17 (internal citations omitted) (*citing Vance*, 494 F. 3d at 997); *United States v. Burnett*, 377 F. App'x 248, 252 (3d Cir. 2010)).

Section 2G1.3(b)(3)(B) is simply incomprehensible if read to require that it applies only if a defendant, or other person exercising care or control of the minor, communicated directly with the minor. The plain language of the enhancement states that it applies to an offense involving use of a computer or an interactive computer service to "entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor[.]" U.S.S.G. § 2G1.3(b)(3)(B). The commentary, accordingly, is clearly at odds with the plain language of the enhancement, as this Court suggested in *Madkins* and the Fifth and Fourth Circuits held in *Pringler* and *Winbush*.

**5.     The Offense Involved a Commercial Sex Act
        § 2G1.3(b)(4)(B)**

The two-level enhancement pursuant to § 2G1.3(b)(3)(B) applies because the offense involved a commercial sex act.   Section 1591( e)(3) defines the term "commercial sex act" as any sex act, on account of which anything of value is given to or received by any person.   The unrebutted facts at trial demonstrated that defendants' offenses

involved a commercial sex act.

6.     **The Defendants Were Organizers or Leaders of a Criminal Activity
§ 3B1.1(a)**

The four-level enhancement pursuant to § 3B1.1(a) applies because the defendants were organizers and leaders of a criminal activity that involved five or more participants or was otherwise extensive.   Under Section 3B1.1 of the Sentencing Guidelines, this Court may enhance a defendant's sentence by two to four points depending upon the nature of the defendant's role in the criminal activity and the number of participants involved. U.S.S.G. § 3B1.1(a)-(c).

In assessing a defendant's leadership role, the district court may consider various factors, including the defendant's "exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control exercised over others." § 3B1.1, comment. n.4. Controlling or influencing only one participant is sufficient to support a role enhancement as an organizer, manager, leader, or supervisor. *United States v. Robinson*, 508 F. App'x 867, 870 (11th Cir. 2013); *United States v. Williams*, 457 F. App'x 840, 842-43 (11th Cir. 2012) (*citing United States v. Glover*, 179 F.3d 1300, 1302 (11th Cir. 1999)); *United States v. Flores-Sotelo*, 343 F. App'x 404, 409-10 (11th Cir. 2009) (applying enhancement where the defendant

14

utilized a driver); *United States v. Lozano*, 490 F.3d 1317, 1323 (11th Cir. 2007) (affirming an enhancement where the defendant instructed at least one co-conspirator to engage in criminal conduct).

Here, the PSR included a four-level role enhancement based on Blake and Moore's having "exercised decision-making authority" and having "directed others and claimed right to a larger share of the fruits of the crime."

Both Blake and Moore engaged in "decision-making authority" during the offense. The unrebutted facts adduced at trial demonstrate that both Blake and Moore exercised decision-making authority by:

- renting the hotel rooms where the defendants kept the minors and caused them to engage in commercial sex acts;

- setting the fees that the minors charged for commercial sex acts;

- transporting the minors for the purpose of committing commercial sex acts;

- posting Internet ads of the minors;

- answering calls from men responding to the Internet ads; and

- collecting the earnings of the minors.

The Eleventh Circuit Court has affirmed a leadership role enhancement under similar facts. *See Robinson*, 508 F. App'x at 870. In *Robinson*, this Court determined that the enhancement had been correctly applied based on the defendant's influence over an unindicted co-conspirator who assisted in photographing the minor and placing ads

online for prostitution activities. *Id*. The Court also observed that the defendant utilized his co-conspirator to schedule appointments and to transport the minor to meet men for commercial sexual activities. *Id*. The Court further noted that the defendant controlled the proceeds derived from the exploitation of the minor. *Id*. In sum, the *Robinson* Court agreed with the district court's observation that the defendant was "running the show." *Id*.

At trial the United States presented evidence that both Blake and Moore engage in the following organizer and leadership activities: (1) Blake and Moore orchestrated the plan to cause T.H. and E.P. to commit commercial sex acts; (2) Blake and Moore photographed the minors used to create the ads to advertise the girls online for commercial sex; and (3) Blake and Moore played a role in creating the ads and transporting the minors. Each of these actions resulted from Blake and Moore's plan to cause the minors to engage in prostitution.

### 7.    The Defendants Engaged in a Pattern of Prohibited Sexual Conduct § 4B1.5(b)(1)

The five-level enhancement pursuant to § 4B1.5(b)(1) applies because the offense of conviction is a covered sex crime under § 4B1.1 and § 4B1.5(a) does not apply.   Blake and Moore engaged in a pattern of activity involving prohibited sexual conduct because they were convicted of sex trafficking two minors in violation of 18 U.S.C. § 1591(a)(1), (b)(2).

B.    *Blake and Moore Should Receive a Sentence Within The Guideline Sentencing Range*

1.    **A Reasonable Sentence Is a Sentence Within The Advisory Guideline Sentencing Range**

This Court should sentence Blake and Moore to a Life sentence within the advisory guideline sentencing range.   A life sentence is reasonable because of the nature and circumstances of the offense.   It necessary to reflect the seriousness of the offense and to promote respect for the law and to provide just punishment for the offenses.   A life sentence is also necessary to adequately deter the defendants from engaging in sex trafficking of minors and to protect the public from future crimes of the defendants.

The Eleventh Circuit Court reviews the reasonableness of a sentence for an abuse of discretion.   *United States v. Daniels*, 685 F.3d 1237, 1244–45 (11th Cir. 2012).   The Court will look at the totality of the circumstances, *United States v. Saac*, 632 F.3d 1203, 1212 (11th Cir.2011), keeping in mind that "when the district court imposes a sentence within the advisory Guidelines range, [it] ordinarily will expect that choice to be a reasonable one," *United States v. Talley*, 431 F.3d 784, 788 (11th Cir.2005). A sentencing court's task is to determine an appropriate sentence in light of the factors listed in 18 U.S.C. § 3553(a). *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir.2009). The court abuses its discretion in imposing a sentence if "it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or

(3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir.2010) (en banc). A clear error of judgment occurs if the court "considers the proper factors but balances them unreasonably." *Id*. The Eleventh Circuit will not disturb a sentence unless it is "left with the definite and firm conviction that the district court committed a clear error of judgment." *Id . at* 1190 (quotation marks omitted).

In *United States v. Mozie*, 752 F.3d 1271 (11th Cir. 2014) the Eleventh Circuit found that the district court did not abuse its discretion by imposing a life sentence. Mozie's recommended sentence under the sentencing guidelines was life imprisonment, and there was nothing in the record indicating that the district court did not consider the § 3553(a) factors or that it unreasonably balanced those factors.

The Eleventh Circuit dismissed Mozie's argument that his sentence was unreasonably high because of the lack of evidence that his teenage victims suffered physical or emotional harm.  The *Mozie* Court held that sexual crimes against minors cause substantial and long-lasting harm, and "[m]uch has been said to describe and emphasize [that] grave harm." *Id*. at 1207. For example, "[i]t has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults." *New York v. Ferber*, 458 U.S. 747, 758 n.9, 102 S.Ct. 3348, 3355 n.9 (1982). The *Mozie* Court found

18

that "sexual abuse is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional, and sexual development in ways which no just or humane society can tolerate." *Kennedy v. Louisiana*, 554 U.S. 407, 468, 128 S.Ct. 2641, 2677 (2008) (Alito, J., dissenting) (quotation marks omitted).

The *Mozie* Court held that "the punishment should fit the crime, [and] the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be." *Irey*, 612 F.3d at 1206.  The Court concluded that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir.2009). For that reason, the Eleventh Circuit has repeatedly upheld "severe sentences in these cases." *United States v. Pugh*, 515 F.3d 1179, 1202 (11th Cir.2008);  *see also United States v. Williams*, 564 Fed.App'x. 568 ((11th Cir. 2014)( defendant was sentenced on January 8, 2013 to a term of life imprisonment for sex trafficking minors)); *United States v. Flanders*, 752 F.3d 1317 ((11th Cir. 2014)(life sentences for sex trafficking and related offenses were not substantively unreasonable));  *United States v. Madkins*, 390 Fed.App'x. 849 (11th Cir. 2010)( the district court varied his sentence downward from life to 50 years imprisonment).  *But see United States v. Rivera*, 558 Fed.App'x. 971((11th Cir. 2014) (defendant's sentence to 235–months' imprisonment and codefendant's sentence to 292–months' imprisonment for sex trafficking minors was reasonable)).

19

**WHEREFORE**, the United States of America respectfully files this Sentencing Memorandum requesting that Blake and Moore receive a life sentence which is within the advisory guideline sentencing range.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

 s/LOTHROP MORRIS
By: LOTHROP MORRIS
ASSISTANT U.S. ATTORNEY
Florida Bar # 0095044
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
(561) 820-8711
(561) 820-8777 (FAX)
LOTHROP.MORRIS@USDOJ.GOV

## <u>Certificate of Service</u>

I HEREBY CERTIFY that on January 6, 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

<u>S/ LOTHROP MORRIS</u>
LOTHROP MORRIS
ASSISTANT UNITED STATES ATTORNEY