UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80054-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONTAVIOUS BLAKE,

    Defendant.
_____/

## DEFENDANT BLAKE'S SENTENCING OBJECTIONS

Defendant, Dontavious Blake, through counsel, hereby submits the following factual and legal objections to the Presentence Report:

I. **Factual Objections**

**PSR, ¶5**: Defendant objects to the assertion that "E.P. was 16 years old when she first engaged in prostitution for Blake and Moore in approximately September or October of 2010." At trial E.P. testified that she was engaged in prostitution before she met Blake. She also testified that she did not prostitute for Blake, and told the jury that she did it for herself.

The PSR inaccurately states that, "After speaking on the phone, Blake came to E.P's mother's house, where he and E.P. met." However, E.P. testified emphatically at trial that Blake did not come to her mother's house, but met her in the neighborhood.

**PSR, ¶6**: The PSR states that, "There were approximately eight girls working for Blake and Moore at most times."

**Objection**: The jury verdict was a finding of two victims, not eight. The indictment did not allege eight victims, and the assertion that there were approximately eight is vague as to time, speculative, and lacking any credible foundation.

**PSR, ¶8**: "One of the girls in the townhouse, "Steph" or Stephanie LNU,...; spent all of her money on pills, paid $20 a pill and then had to work all day to make money to pay for the drugs."

**Objection**: "Steph," or Stephanie was not an alleged victim; she was not a witness in the trial; there is no credible information to establish her addiction, or the money she spent, or how often she worked.

**PSR, ¶9**: Cassandra Fisher lived in the townhouse; was a "baser" or crack-head; she worked for Blake and Moore as a prostitute; Fisher collected money from the prostitutes, answered calls, and scheduled prostitution calls on behalf of Blake and Moore.

**Objection**: Cassandra Fisher was not an alleged victim; she was not an alleged co-conspirator; she was not called as a witness by the government. There is no credible evidence of the facts asserted in the PSR.

**PSR, ¶10**: "According to the government, Blake had sexual intercourse with E.P. over a long period of time when she was a minor and after she turned 18 years old."

**Objection**: There is no credible evidence to support this assertion; E.P. testified at trial and said nothing about sexual intercourse with Blake, and nothing about sexual intercourse with him when she was 17.

**PSR, ¶12**: Another minor, B.H. worked as a prostitute for Blake and Moore while she was a minor; Blake told E.P. that B.H. was too much trouble and did not want anything to do with her.

    **Objection**: B.H. was not an alleged victim, and was not mentioned in the indictment; she did not testify at trial; there are no text messages, email, or Backpage ads to establish the assertions regarding B.H. in ¶12 of the Presentence Report.  Alleged victim T.H. was friends with B.H. and lived with B.H..  T.H. testified at trial, but did not testify that B.H. worked for Blake and Moore.

**PSR, ¶13**: T.H. worked for Blake and Moore at age 15.

    **Objection**: T.H. denied prostitution in her initial interview with police.  She also denied prostitution in her interview for admission into the Kelly Center for drug treatment.  She admitted meeting with Frank Smith in a hotel room on three occasions, but did not have sex with Smith.  T.H. described entering into a relationship with Smith that included sex, and that Smith gave T.H. money and drugs, but that it was part of their relationship and not prostitution.

**PSR, ¶19**: Blake and Moore were aware of T.H.'s age at the time T.H. began working for them; T.H. told both individuals that she was 15 years old; T.H. believed E.P. also told Blake and Moore of T.H.'s age; Blake and Moore told T.H. to tell the other girls working for them and johns that she was over 18 years old.

    **Objection**: Testimony at trial was that T.H. told Blake that she was 18 years old.  T.H.'s belief that E.P. disclosed her age is speculation; it lacks foundation; and is not corroborated by any credible evidence.

3

**PSR, ¶26**: Heaven Siegel told Moore and Blake that E.P. was sixteen years old at one point and cautioned them regarding her age.

**Objection**: Siegel's claim that she told Moore and Blake E.P.'s age is irrelevant.  It is irrelevant because the offense does not require that defendant know her age, and the government is not required to prove such knowledge.  The assertion has no indicia of reliability because Siegel is a convicted felon, and there is no corroborating evidence.

**PSR, ¶28**: Khrystyna Trejo knew two underage girls, E.P. and T.H. worked for Blake and Moore; T.H. said she was 18, but Trejo did not believe her.  Trejo believed T.H. was young, and saw on Facebook that T.H. was in high school, and she saw T.H. and E.P. watching cartoons.

**Objection**: Trejo's knowledge of the ages of E.P. and T.H. is irrelevant.  Trejo's disbelief of T.H. saying that she was 18, is irrelevant.  Trejo's belief that T.H. was young based on Facebook information and watching cartoons, is irrelevant.

¶28 states: Trejo confronted T.H. about her age; T.H. told her not to say anything to Blake and Moore because they told her not to tell anyone that she was a minor.

**Objection**: Trejo's conversation with T.H. is irrelevant; Blake was not present during the conversation.  Both, Trejo and T.H. lack credibility, and there is no reliable evidence to corroborate Trejo's claim.

¶28 states: Trejo went to Blake and Moore and told each of them that the two girls were minors; Blake told Trejo to "shut the fuck up," and to "mind her own fucking business."

**Objection**: Trejo's claim that she told Blake that the girls were minors is irrelevant.  Also, Blake's alleged response is not an admission or an adoption of Trejo's claim about the girls being minors.

¶28 states: On one occasion, E.P. slipped up and told Trejo that she was sixteen years old.  Trejo told Moore about E.P. revealing that she was sixteen years old.

**Objection**: E.P.'s statement to Trejo is unreliable hearsay and irrelevant.  There is no indicia of reliability relating to E.P. or Trejo.

¶28 states: "According to the government, Trejo collected money from the prostitutes, including the minors, on behalf of Blake and Moore.

**Objection**: Irrelevant; lack of foundation; no basis of reliability.

**PSR, ¶29-31**: These paragraphs describe alleged activities with Kimberly Tompkins and Michelle, last name unknown, and Chris Coleman (an employee of CARP, drug treatment facility).

**Objection**: Irrelevant; Kimberly Tompkins was an alleged victim in an unproven conspiracy to coerce adults into prostitution, and a substantive count of coercion.  Evidence at trial failed to prove coercion, and both counts resulted in a judgements of acquittal.

Michelle LNU was not an alleged victim or co-conspirator; information about Michelle is irrelevant.

Chris Coleman was not an alleged co-conspirator and was not a witness at the trial.  Coleman was interviewed by the government and he denied any wrongful conduct relating to this case.

**PSR, ¶32-34**: These paragraphs describe alleged activities with Kristen Cashwell and a drug supplier known as "Bug," and an individual known as Wayne.

**Objection**: Irrelevant; Kristen Cashwell was an alleged victim in an unproven conspiracy to coerce adults into prostitution, and a substantive count of coercion. Evidence at trial failed to prove coercion, and both counts resulted in a judgements of acquittal.

Allegations pertaining to "Bug" and Wayne are irrelevant. They are not alleged as co-conspirators; there is no allegation or evidence of their involvement in any of the counts of conviction for which Blake is being sentenced.

**PSR, ¶37 & 42, Obstruction of Justice**: After his arrest, Blake attempted to obstruct the investigation by directing an individual to communicate with a minor victim and have her tell authorities that she lied and told Blake that she was overage; Blake requested that the minor victim tell authorities that she showed him a state card, fake identification.

**Objection**: This allegation is speculative and is based on interpretation instead of fact. Neither Blake nor anyone involved in any conversation with Blake has been charged with obstruction or with attempting to influence a witness. The unnamed individual that the presentence report claims Blake was attempting to direct, was not called as a witness at the trial. Accordingly, this speculative, interpretive allegation has not been proven.

**PSR, ¶38, Role Assessment**

¶38 states: Blake and Moore jointly ran a prostitution business and are equally culpable.

**Objection**: The evidence at trial was ambiguous about who ran the business. There was evidence that Moore negotiated prices and scheduled escort calls; that Moore presented herself as a boss; and Kristen Cashwell reported that she viewed Moore as being in charge, not Blake. Moore had a Facebook account and an email account that was used in the business. Blake posted Backpage ads and would drive individuals to different locations.

Defendant also asserts that whatever roles Blake and Moore had in relation to each other, there should be no enhancement for being an organizer or leader. The enhancement is inapplicable because there were not five or more participants in the activities relating to the commercial sex acts of minors.


**PSR, ¶39**: According to the government, several prostitutes worked at the direction of Blake and Moore: Khrystyna Trejo, Heaven Leigh Seigel, Kimberly Tompkins, Cassandra Fisher, and Kristen Cashwell.

**Objection**: None of these individuals were minors, and none were alleged co-conspirators in the conspiracy and substantive counts to entice minors into commercial sex, for which Blake is being sentenced. Inclusion of these individuals in the presentence report ignores the judgements of acquittal in the counts pertaining to Kimberly Tompkins and Kristen Cashwell, and ignores the parameters of the conduct for which Blake is being sentenced.

**PSR, ¶43, Acceptance of Responsibility**: The presentence report states that defendant went to trial and put the government to its proof. The report should include the following facts: Blake offered to plead guilty but the government declined and *put itself* to its burden of proof. Blake has always been willing to accept responsibility and resolve this case without a trial. After the first and second indictments (which alleged the counts of conviction at trial), the government expanded its investigation. Instead of trying to resolve the case, the government filed a third and fourth indictment. The government took an increasingly inflexible stance on its superseding indictments, apparently based on a miscalculation of the evidence for the superseding charges of coercion. Those superseding charges resulted in acquittals. The government's conduct resulted in an unnecessary expenditure of resources, and it was the government's conduct that rejected a reasonable plea offer and required the case to go to trial. In this factual context, the court should grant a 1-level reduction for Blake's effort and willingness to accept responsibility , reach a plea agreement, and resolve the case without a trial.

II.   **Objections to the Sentencing Guideline Calculation**

Defendant objects to the following paragraphs and sentencing guideline calculations in the presentence report:

¶47 & 56, Custody, Care, Supervisory Control, §2G1.3(b)(1)(B), 2-level enhancement;

¶48 & 57, Unduly Influence a minor, §2B1.3(b)(2)(B), 2-level enhancement;

¶52, 61, Role in Offense, Organizer or Leader involving five or more participants, §3B1.1(a), 4-level enhancement;

¶53, & 62, Obstruction of Justice, §3C1.1, 2-level enhancement;

¶68, Pattern of Activity involving prohibited sexual conduct, §4B1.5(b)(1), 5-level enhancement;

¶69, Acceptance of Responsibility, §3E1.1, reduction not given. [1]

III.     **Downward Variance**

Defendant Blake will seek a downward variance from the sentencing guideline range in the presentence report pursuant to 18 U.S.C. §3553(a).

> Respectfully submitted,
> MICHAEL CARUSO
> FEDERAL PUBLIC DEFENDER
>
> _s/Neison M. Marks_
> Neison M. Marks
> Assistant Federal Public Defender
> Court Assigned No. A5500635
> 450 South Australian Avenue
> Suite 500
> West Palm Beach, Florida 33401
> Phone:   561-833-6288
> Fax:     561-8330368
> Neison_Marks@fd.org

---

[1] Defendant Blake intends to file a motion to continue the sentencing hearing in order to have time to research and brief the numerous sentencing guideline objections and downward variance issues that will be raised at the sentencing hearing.

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **January 6, 2015,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Neison M. Marks*
Neison M. Marks